IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN L. CRAYTON, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 2:07CV1111 |
| ) | |
| ALABAMA DEPARTMENT OF ) | JURY DEMAND |
| AGRICULTURE & INDUSTRIES, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** John L. Crayton (Plaintiff), and for his complaint against Alabama Department of Agriculture & Industries and its agents and representatives (Defendant) hereby complains as set forth herein below.

### JURISDICTION/VENUE

1. This Court has jurisdiction over the litigation based pursuant to Title VII of the Civil Rights Act of 1964, as amended based on retaliation.

2. Plaintiff has fulfilled all conditions precedent to the institution of this action.

3. Defendant is located and/or doing business within this judicial district (Middle District and the Northern Division of Alabama). This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 42 U.S.C. Section 2000(e)-5(f) (3), 28 U.S.C. Section 1391(b) and Retaliation.

1

## PARTIES

4. Plaintiff John L. Crayton, hereinafter referred to as "Plaintiff," is an African-American male resident of the United States, residing in Montgomery County, Alabama. Plaintiff is a resident of this judicial district, and has been employed by Defendant at all times material hereto. Plaintiff is a member of the protected class for race within the meaning of Title VII. Plaintiff is also an employee of Defendant within the meaning of Title VII.

5. Defendant, Alabama Department of Agriculture & Industries, hereinafter referred to as "Department" is a state agency and is authorized to do business in the State of Alabama, and employs at least fifteen (15) persons and otherwise meets the jurisdictional prerequisites of Title VII.

## NATURE OF THE CASE

6. This is a lawsuit brought by Plaintiff seeking relief from unlawful retaliatory practices by Defendant. Plaintiff has been adversely affected by retaliation involving promotion, compensation, assignments, and other terms and conditions of employment as a result of Defendant failing to remedy violations of retaliation. The practices committed and continuing to be committed by Defendant violate Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

**FACTUAL BACKGROUND**

7. On May 3, 2007, Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) – See Exhibit 1 - Charge No. 420 2007 02801. The Plaintiff received his Notice of Suit Rights on October 9, 2007 - See Exhibit 2. As a result, the Plaintiff timely files the underlying complaint.

8. This complaint was as a result of retaliation that Plaintiff was subjected to based on his initial complaint he filed with the EEOC. Plaintiff filed his EEOC complaint on September 27, 2006.

9. Because of Plaintiff's involvement in this statutorily protected activity, Plaintiff was retaliated against. In particular, as a form of punishment/retaliation, on or about November 14, 2006, Plaintiff was ordered to meet with Ronnie Murphy. Ronnie Murphy was Plaintiff's supervivisor. In this meeting, Mr. Murphy mandated that Plaintiff contact the Behavior Health System Coordinator to see a psychiatrist. Under duress Plaintiff saw the psychiatrist. This action was merely a way to smear Plaintiff's reputation and to retaliate against him. At this time Plaintiff had been employed by the Defendant for almost thirty (30) years and had never had any psychological problems. This punitive treatment resulted solely due to Plaintiff's participation in statutorily protected activity.

10. The Defendant continued to harass the Plaintiff after he filed his initial EEOC Complaint. The Defendant also refused to administer

3

Plaintiff's annual evaluation. Plaintiff was due his evaluation by April 30, 2007. The Defendant's refusal to administer Plaintiff's evaluation affected his eligibility for an increase in salary. The refusal to evaluate Plaintiff was clearly retaliation for Plaintiff participating in statutorily protected activity.

## COUNT ONE

## RETALIATION

11. Plaintiff adopts, realleges and incorporates by reference paragraphs one through ten above, the same as if more fully set herein, and further alleges anew.

12. In taking the above described actions, Defendant retaliated against Plaintiff, when he filed his EEOC complaint on September 27, 2006.

13. As a direct result of the ongoing retaliation against Plaintiff, Plaintiff's constitutional rights have been abridged.

14. As a proximate cause of the Defendant's actions, Plaintiff has been injured and damaged, as set forth in paragraphs above.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Honorable Court grant the following:

a. Assume jurisdiction over this action;

b. A judgment declaring that Defendant violated Title VII of the Civil Rights Act, as amended based on retaliation

    c.    All back-pay and fringe benefits as a result of the retaliation, with interest;

    d.    Attorney's fees;

    e.    Costs;

    f.    Prejudgment interest;

    g.    An award of such compensatory damages for any loss of wages, and loss of benefits, including, but not limited to, retirement pension benefits, mental anguish, emotional distress, and embarrassment, both past, present and future to which Plaintiff may be entitled; and such further, other and different legal or equitable relief as the Court may deem appropriate or which she may be entitled, and

    h.    Punitive damages.

### Jury Demand

Plaintiff demands trial by jury on each and every cause of action.

Respectfully submitted,

_____
Juraldine Battle-Hodge (BAT033)

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

_____
**OF COUNSEL**

5

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2007-02801 and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. John L. Crayton | (334) 272-3487 | 05-03-1945 |

| Street Address | City, State and ZIP Code |
|---|---|
| 124 Elm Drive, Montgomery, AL 36117 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ALABAMA DEPT. AGRICULTURE & INDUSTRIES | 201 - 500 | (334) 240-7100 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1445 Federal Drive, Montgomery, AL 36107 | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 12-05-2006   Latest: 05-02-2007

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am Black and I was hired by the above named employer on May 19, 1976, as a seed analysis and I was eventually promoted to seed program director. On July 28, 2006, I was demoted to the position of genetically modified plant and plants products director, which I protested. On September 27, 2006, I filed charge 420-2006-05216 because of my demotion and reassignment to another job. On November 30, 2006, my supervisor had me to enroll in an employee assistance program, which I protested. I had a schedule job performance review that should have been completed no later than April 30, 2007. Any pay raise that I would have received is based on my job performance review being completed in a timely manner, which has not occurred. On May 2, 2007, I learned from personnel that my supervisor should have completed and submitted my annual job performance review as required by April 30, 2007, so that I would be eligible for a merit pay raise.

I believe that I am being discriminated against because of my race, Black and in retaliation for having filed a previous charge in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
MAY 3 2007
BIRMINGHAM DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

May 03, 2007    John L. Crayton
Date                Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EXHIBIT 1

EEOC Form 161 (10/96)  U.S. **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: John L Crayton<br>124 Elm Drive<br>Montgomery, Al 36117 | From: Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street, South, Suite 2000<br>Birmingham, Al 35205 |

[ ]  *On behalf of person(s) aggrieved whose identity is*
     *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420 2007 02801 | Glenda Bryan Brooks, Investigator | 205 212-2137 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]*  __14 OCT 2007__

Enclosure(s)    Delner Franklin-Thomas, District Director    *(Date Mailed)*

cc:

EXHIBIT 2

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602002252
Cashier ID: cstrecke
Transaction Date: 12/21/2007
Payer Name: JURALDINE BATTLE HODGE PC
------------------------------------
CIVIL FILING FEE
  For: JURALDINE BATTLE HODGE PC
  Case/Party: D-ALM-2-07-CV-001111-001
  Amount:         $350.00
------------------------------------
CHECK
  Remitter: JURALDINE BATTLE HODGE PC
  Check/Money Order Num: 1768
  Amt Tendered: $350.00
------------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00
```

DALM207CV001111-TFM

JURALDINE BATTLE HODGE PC

207 MONTGOMERY STREET STE 215

MONTGOMERY, AL  36104