**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| JOHN L. CRAYTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     **Case No. 2:07-cv-1111-TFM** |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| AGRICULTURE & INDUSTRIES, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND COURT'S ORDER TO SHOW CAUSE WHY CASES SHOULD NOT BE CONSOLIDATED

**COMES NOW** the Plaintiff by and through his attorney of record and files this Response to Defendant's Motion to Dismiss and Court's Order to Show Why Cases Should Not be Consolidated.

1. Plaintiff filed *Crayton v. Alabama Department of Agriculture and Industries,* 2:08-CV-626-MEH, on July 9, 2007.

2. Certain factual allegations that Plaintiff made in said case were premature as they related to an EEOC charge that Plaintiff filed on May 3, 2007. At the time of the filing of Plaintiff's original complaint, Plaintiff had not received his Right to Sue Notice on this act of retaliation.

3. After Plaintiff received his Right to Sue Notice, December 21, 2007, Plaintiff filed leave to amend her complaint. Plaintiff attached a proposed amended complaint, deleting the charges of retaliation as

1

they were not ripe at the time of the filing of the complaint. At that time Plaintiff filed the underlying Complaint. This Complaint was filed as a result of the May 2007 EEOC charge.

4. This Honorable Court granted Plaintiff's Motion to Amend his Complaint.

5. *Federal Rules of Civil Procedure,* Rule 42 (a) addresses the consolidation of federal cases. This rule does not make the consolidation of cases compulsory. This rule leaves the decision of whether to consolidate cases to the discretion of the trial court. This rule clearly states that the court <u>may</u> consolidate actions that have a common question of law or fact. It in no way mandates that the trial court consolidate all cases that have common facts and/or common legal questions.

6. Though there are common facts in the two cases, the disposition of the said cases in no way requires that the cases be consolidated. The Defendant will not be prejudiced by allowing the cases to be tried separately. The Plaintiff has paid separate filing fees to ensure that the two cases will be tried separately.

7. As with *Dr. Robert J. Walker v. v. H. Council Treholm State Technical College, et al.,* Civil Action No. 2:06cv49-ID, "In deciding whether to order consolidation, the trial court must balance the probable savings of time and effort against the likelihood that a party may be prejudiced, inconvenienced or put to extra expense." The Plaintiff avers that

neither party will be prejudiced, or inconvenienced by separate trials. Any expenses that will be had by the Defendant will be the same whether the cases are consolidated, or not. Further, there will be no measurable savings of time and effort if the cases are consolidated.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff prays that this Honorable Court will not dismiss this action and consolidate it with *Crayton v. Alabama Department of Agriculture and Industries,* 2:07-CV-626-MEF.

Respectfully submitted,

Juraldine Battle-Hodge
Attorney for the Plaintiff
207 Montgomery Street, Suite 215
Montgomery, Alabama 36104

## CERTIFICATE OF SERVICE

We, hereby certify that, on the 24th day of March 2008, the foregoing document was served upon the following counsel of record by placing a copy of the same in the U.S. Mail, First Class postage prepaid, addressed as follows:

**Hon. E. Ham Wilson, Jr.**
**Hon. Emily C. Marks**
**Ball, Ball, Mathews & Novak, P.A.**
**P.O. Box 2148**
**Montgomery, Alabama 36102-2148**

_____
OF COUNSEL